UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

BORIS A. KHAIT,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

______________________________/

Case No. 1:26-cv-2605

Honorable Paul L. Maloney

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to proceed *in forma pauperis*. (ECF No. 2.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.)

In an order entered on September 22, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 5.) Respondents filed their response on September 22, 2026, 2026. (ECF No. 6.)

## II. Relevant Factual Background

Petitioner is a citizen of Belarus who entered the United States in 1995. (Pet., ECF No. 1, PageID.10.) On September 4, 2025, Petitioner was arrested by ICE and placed into removal proceedings. (*Id.*)

On February 25, 2026, the Immigration Court ordered Petitioner's removal from the United States. (*Id.*; Feb. 25, 2026, Order Immigration Judge, ECF No. 6-1.) On March 27, 2026, Petitioner appealed his removal order to the Board of Immigration Appeals (BIA). (Pet., ECF No. 1, PageID.17.) On July 30, 2026 the BIA dismissed Petitioner's appeal. (*Id.*, PageID.5; July 30, 2026 BIA Order, ECF No. 6-2, PageID.184.) Petitioner states that his appeal was dismissed because he missed the deadline to file his brief due to his attorney's failure to inform him of the deadline. (Pet., ECF No. 1, PageID.6; *see* July 30, 2026 BIA Order, ECF No. 6-2, PageID.184 (stating that Petitioner "did not file a brief or reasonably explain the failure to do so within the time set for filing").) On August 24, 2026, Petitioner filed a motion to reopen his appeal with the BIA and that motion remains pending. (Pet., ECF No. 1, PageID.5); *see* Automated Case Information, https://acis.eoir.justice.gov/en/ (enter "071-325-214" for the A-Number, select "Belarus" for the Nationality, and select Submit) (last visited September 30, 2026).

On September 17, 2026, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S.

Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV. Analysis**

As noted above, on February 25, 2026, the Immigration Court ordered that Petitioner be removed from the United States. (Feb. 25, 2026, Order Immigration Judge, ECF No. 6-1.) Petitioner's appeal to the BIA was dismissed on July 30, 2026. (July 30, 2026 BIA Order, ECF No. 6-2, PageID.184.) Thereafter, on August 24, 2026, Petitioner filed a motion to reopen his appeal with the BIA, and that motion remains pending. *See id*.

Following the dismissal of Petitioner's appeal, Petitioner's order of removal became administratively final, and at that time, Petitioner's detention became governed by 8 U.S.C. § 1231. *See* 8 U.S.C. § 1101(a)(47)(B) (setting forth that for the purposes of 8 U.S.C. § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals").

Section 1231 of Title 8, titled, "Detention and removal of aliens ordered removed," provides in relevant part that, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')," 8 U.S.C. § 1231(a)(1)(A), and that "[d]uring the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A).

Here, based on the information before the Court, Petitioner is within the 90-day removal period during which Petitioner is subject to mandatory detention. *See id.* § 1231(a)(1)(A); *see also*

*id.* § 1231(a)(2)(A). While Petitioner filed a motion to reopen his appeal with the BIA on August 24, 2026, based on the information presently before the Court, the motion is still pending, and Petitioner's appeal has not been reopened at this time. Accordingly, because Petitioner is within the 90-day removal period, as set forth in 8 U.S.C. § 1231, the Court will deny without prejudice Petitioner's § 2241 petition, in which Petitioner asks for a bond hearing under § 1226.[1]

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 1, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

[1] If Petitioner's circumstances change and the BIA grants his motion to reopen his appeal, Petitioner is free to file a *new* § 2241 petition challenging his detention.